**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **JAVIER GINER, DAMIAN** | § | |
| **NORIEGA,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **EP-11-CV-126-KC** |
| | § | |
| **ESTATE OF MARTIN HIGGINS,** | § | |
| **LITHIUM NICKEL ASSET** | § | |
| **HOLDING COMPANY, I & II, INC.,** | § | |
| | § | |
| **Defendants.** | § | |


**ORDER**

On this day, the Court considered Javier Giner and Damian Noriega's (collectively "Plaintiffs") "Motion to Enter Bill of Costs" ("Motion"), ECF No. 54. For the reasons set forth below, the Court **GRANTS** in part and **DENIES** in part the Motion.

**I.      BACKGROUND**

In January 2011, Plaintiffs filed suit alleging that Defendant Estate of Martin Higgins ("Estate") and Defendant Lithium Nickel Asset Holding Company I & II, Inc. ("LNAH") (collectively "Defendants") breached a contract ("Transaction Agreement") that the parties had entered into in Juarez, Mexico. *See* Notice of Removal Ex. A, at 8, ECF No. 1.[1]  Plaintiffs alleged that Defendants were jointly and severally liable for $300,000, which was the amount

---

[1] To assist the reader in finding citations in this document, the Court references the page numbers that the CM/ECF docketing system generates.

Plaintiffs claimed was owed to them under the Transaction Agreement.  *See Giner v. Estate of Higgins*, No. EP-11-CV-126-KC, 2012 WL 123973, at *2-3 (W.D. Tex. Jan. 13, 2012).

The Transaction Agreement stemmed from an earlier agreement.  In 2005, Plaintiffs agreed to assist Martin Higgins in reacquiring a manufacturing facility ("Facility") in Juarez that had been fraudulently transferred.  *Id.* at *1-2.  In return, Plaintiffs were to receive a payment of ten percent of the sale price of the Facility.  *Id.* at *2.  Although Plaintiffs successfully reacquired the Facility for Higgins, they never received payment.  *Id.*  On September 16, 2006, Higgins and Plaintiffs signed the Transaction Agreement, which provided in part that Plaintiffs were to receive $300,000 in compensation for their work in reacquiring the Facility.  *Id.*

On October 27, 2011, Plaintiffs and Defendant LNAH filed cross-motions for summary judgment.  *See* Pls.' Mot. for Summ. J., ECF No. 33; Def.'s Mot. for Summ. J., ECF No. 34.  On January 13, 2012, the Court granted Plaintiffs' motion for summary judgment and held that both Defendants were liable for the $300,000 owed to Plaintiffs under the Transaction Agreement.[2] *Giner*, 2012 WL 123973, at *13.  On April 23, 2012, Plaintiffs filed this Motion seeking costs as the prevailing party.  Mot. ¶ 4.  On May 2, 2012, Defendant LNAH filed an objection to the request.  *See* Def.'s Objection to Mot. to Enter Bill of Costs ("Defendant's Objection") ¶ 3, ECF No. 55.

---

[2]     The Court also dismissed Plaintiffs' quantum meruit claim at this time.  *Giner*, 2012 WL 123973, at *4.

## II.     DISCUSSION

### A.     Applicable Law

As a threshold issue, the Court must address whether federal law or state law governs the assessment of costs in diversity cases.  Both parties appear to assume that federal law governs.  *See* Mot. ¶¶ 4, 5; Def.'s Objection ¶ 2.  Fifth Circuit law supports that assumption.  *See Carter v. Gen. Motors Corp.*, 983 F.2d 40, 43-44 (5th Cir. 1993) ("[F]ederal procedural law ordinarily governs the award of costs in diversity cases."); *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 689 (5th Cir. 1991) ("There is merit to the argument that no violence is done to the twin aims of the *Erie* doctrine by the application of federal procedural provisions to the taxing of costs.").  Accordingly, federal law governs the award of costs in this case.

### B.     Analysis

Plaintiffs seek the following costs: (1) travel expenses; (2) miscellaneous litigation expenses; (3) document translation expenses; and (4) deposition transcript expenses.  Mot. Ex. A, at 5.  Defendant LNAH generally challenges these costs as unauthorized under 28 U.S.C. § 1920.  *See* Def.'s Objection ¶ 4.  In contrast, Plaintiffs argue that 28 U.S.C. § 1920 or caselaw authorizes the recovery of these costs.  *See* Mot. Ex. A, at 5.

Federal Rule of Civil Procedure 54(d) states, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  Under this Rule, there is a strong presumption that courts will award costs to the prevailing party.  *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981); *Walters v. Roadway*

3

*Express, Inc.*, 557 F.2d 521 (5th Cir. 1977)).  Therefore, the prevailing party is prima facie

entitled to costs, and it is the losing party's burden to overcome this presumption.  *Id.*

      Despite the presumption in favor of awarding costs, federal courts may only award costs

authorized by statute.  *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42

(1987); *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993) ("[A] district court may

decline to award the costs listed in the statute but may not award the costs omitted from the

list.").  Because a statutory basis for the costs is essential to the award, Rule 54(d) directs that the

court must initially determine whether a specific statute or whether 28 U.S.C. § 1920, the

fallback provision, governs the assessment of costs.  *See* Fed. R. Civ. P. 54(d); *Crawford*, 482

U.S. at 445 ("[A]bsent explicit or statutory authorization for the taxation of the expenses of the

prevailing party's witness as costs, federal courts are bound by the limitations set out in 28

U.S.C. § 1821 and § 1920.").

      In this case, Plaintiffs are the prevailing party because the Court granted summary

judgment in Plaintiffs' favor.  *See Giner*, 2012 WL 123973, at \*13; *Stearns v. Airport Equip. Co.*

*v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999) (affirming the district court's award of costs to

the party that prevailed on its motion for summary judgment).  And Plaintiffs' lawsuit was based

on breach of contract, not on a specific statute.  *See* Notice of Removal Ex. A, at 8.  Therefore

the fallback provision of 28 U.S.C. § 1920 governs this case.  *See Crawford*, 482 U.S. at 445; *see*

*also Nissho-Iwai Co. v. Occidental Crude Sales*, 729 F.2d 1530, 1533, 1553 (5th Cir. 1984)

(finding that 28 U.S.C. § 1920 applied in a case based on breach of contract).

      Title 28 U.S.C. § 1920 lists six categories of recoverable costs:

      (1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

With Defendant LNAH's objections in mind, the Court examines each of Plaintiffs' requested costs in turn.

### 1.   Travel expenses

Plaintiffs seek costs for travel expenses.  Mot. Ex. A, at 5.  These expenses appear to include Plaintiffs' counsel's ("Counsel") flights to and from El Paso, Counsel's hotel expenses in El Paso, Counsel's meals while traveling to and from El Paso, Counsel's taxi cab fees while traveling around El Paso, and a flight to Houston to meet with an expert.  *See* Mot. Ex. C, at 9-11, 17-20, 23-26.  Defendant LNAH argues that 28 U.S.C. § 1920 does not allow Plaintiffs to recover these costs.  Def.'s Objection, ¶ 3(b-e, i).  The Court agrees with Defendant.

As Defendant LNAH correctly points out, expenses that are not included in 28 U.S.C. § 1920 are not recoverable.  *See* Def.'s Objection ¶ 2; *Crawford*, 482 U.S. at 441-42; *Coats*, 5 F.3d at 891.  Because 28 U.S.C. § 1920 does not include travel expenses, the Court cannot award Plaintiffs the cost of Counsel's flights to and from El Paso, Counsel's hotel expenses in El Paso, Counsel's meals while traveling to and from El Paso, Counsel's taxi cab fees while traveling around El Paso, or a flight to Houston to meet with an expert.  *See* 28 U.S.C. § 1920*;Coats*, 5 F.3d at 891.

In an attempt to avoid this result, Plaintiffs cite to *Hahnemann University Hospital v. All Shore, Inc.*, 514 F.3d 300 (3d Cir. 2008).  *See* Mot. Ex. A, at 5.  However, *Hahnemann* is inapposite to this case.  First, the court in *Hahnemann* did not hold that counsel's travel expenses are taxable costs under 28 U.S.C. § 1920, the applicable statute in this case.  *See* 514 F.3d at 311-312.  Rather, the court in *Hahnemann* stated that a party may be compensated for counsel's travel costs as part of attorney's fees and costs under the Employee Retirement Income Security Act's ("ERISA") cost provision, 29 U.S.C. § 1132(g)(1).  *See id*.  Attorney's fees and ERISA are not at issue here.  Second, binding precedent in the Fifth Circuit dictates that travel expenses are not included in 28 U.S.C. § 1920 and therefore are not recoverable.  *Coats*, 5 F.3d at 891.

In sum, 28 U.S.C. § 1920 does not allow the recovery of these costs and *Hahnemann* is inapposite.  Thus, the Court holds that Plaintiffs cannot recover travel expenses.

### 2.     Miscellaneous litigation expenses

Plaintiffs request costs for miscellaneous litigation expenses, including the cost of retaining a private mediator, shipping documents, making conference calls, hiring an expert, using an electronic filing service, accessing court records through the Public Access to Court Electronic Records ("PACER"), and paying an outside attorney's fees and travel expenses.  Mot. Ex. A, at 5.  Defendant LNAH argues that 28 U.S.C. § 1920 does not authorize any of these costs.  The Court examines each of Plaintiffs' requested litigation costs to determine if the statute authorizes them.

### a.     Cost of retaining a private mediator, shipping documents, making conference calls, and hiring an expert

Plaintiffs seek costs for expenses paid to retain a private mediator, ship documents to the mediator, ship documents between co-counsel, make conference calls, and hire an expert.  Mot.

Ex. C, at 8, 12-14, 16, 21-22, 29-30.  Defendant LNAH specifically challenges these costs, and

argues that they are not recoverable under 28 U.S.C. § 1920.  Def.'s Objection, ¶¶ 3(a, f-h), 6.

The Court agrees with Defendant.

Plaintiffs do not cite to any authority other than 28 U.S.C. § 1920 to support their

argument that these costs are taxable.  *See* Mot. Ex. A, at 5.  As stated above, courts cannot

award costs that are not listed in 28 U.S.C. § 1920.  *See Crawford,* 482 U.S. at 441-42; *Coats*, 5

F.3d at 891.  Section 1920 does not include costs incurred to retain a private mediator, ship

documents, make conference calls, or hire an expert.  *See* 28 U.S.C. § 1920; *see also Cook*

*Children's Med. Ctr. v. New England PPO Plan of Gen. Consol. Mgmt., Inc.*, 491 F.3d 266, 277

(5th Cir. 2007) (holding that the district court abused its discretion in awarding mediation

expenses as taxable costs); *Coats*, 5 F.3d at 891 (holding that expert fees are not recoverable

under 28 U.S.C. § 1920); *Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital,*

*Inc.*, 952 F. Supp. 415, 418 (N.D. Tex. 1997) (holding that telephone expenses and postage and

delivery charges for documents are not taxable costs under 28 U.S.C. § 1920).  Thus, the Court

holds that Plaintiffs are not entitled to recover the cost of retaining a private mediator, shipping

documents, making conference calls, or hiring an expert.

### b.      Electronic filing service fees

Plaintiffs appear to have included two electronic service fees in their cost claims.  *See*

Mot. Ex. C, at 9.  While Defendant LNAH does not specifically challenge these charges, it argues

generally that they are not recoverable under 28 U.S.C. § 1920.  *See* Def.'s Objection ¶¶ 4, 7.

The Court agrees with Defendant.

Generally, 28 U.S.C. § 1920 allows the prevailing party in an action to recover filing fees. *See* 28 U.S.C. § 1920(1); *see also Nat'l Truck Equip. Ass'n v. Nat'l Highway Traffic Safety Admin.*, 972 F.2d 669, 674 (6th Cir. 1992) (finding that 28 U.S.C. § 1920(1) includes filing fees). Courts cannot, however, award fees that 28 U.S.C. § 1920 does not authorize. *See Crawford*, 482 U.S. at 441-42; *Coats*, 5 F.3d at 891.

In this case, Plaintiffs do not list any filing fees in their Motion or provide evidence of filing fees. *See* Mot. Ex. A, at 5. That said, included with the Motion is a credit card statement that indicates that Plaintiffs were charged by the Harris County electronic filing system and the Texas online electronic filing system. *See* Mot. Ex. C, at 9. However, there is no indication from this credit card statement that these were filing fees. *See id.* Because the Court is unable to determine that these charges were filing fee charges, the Court cannot determine whether 28 U.S.C. § 1920 authorizes them as costs. Accordingly, the Court holds that Plaintiffs cannot recover these costs. *See Coats*, 5 F.3d at 891 (noting that a court can only award a given cost if a statute authorizes recovery of that cost); *Burton v. R.J. Reynolds Tobacco Co.*, 395 F. Supp. 2d 1065, 1087-88 (D. Kan. 2005) (disallowing the plaintiff's claimed expenses because the record was inadequate to allow the court to determine whether the item was taxable).

### c.    PACER charges

Amongst Plaintiffs' miscellaneous litigation expenses are forty cents in PACER charges. *See* Mot. Ex. C, at 15. Again, Defendant LNAH does not specifically challenge these charges, but argues generally that they are not recoverable under 28 U.S.C. § 1920. *See* Def.'s Objection ¶¶ 4, 7. The Court disagrees with Defendant.

The Fifth Circuit has not decided whether 28 U.S.C. § 1920(4) includes copies of

documents obtained from PACER.  *See Gagnon v. United Technisource, Inc.,* 607 F.3d 1036,

1045 (5th Cir. 2010) (remanding the case for further proceedings where the district court did not

state the statutory basis for awarding PACER fees).  District courts are split on whether 28

U.S.C. § 1920 authorizes courts to award PACER fees as costs.  *See, e.g.,* *Cashman Equip. Corp.*

*v. Rozel Operating Co.*, No. 08-363-RET, 2011 WL 2460943, at *2 (M.D. La. June 17, 2011)

(finding that PACER research expenses are not taxable under 28 U.S.C. § 1920); *JGT, Inc. v.*

*Ashbritt, Inc.*, No. 1:09cv380WJG-JMR, 2011 WL 1323410, at *8 (S.D. Miss. Apr. 5, 2011)

(denying PACER charges as costs under 28 U.S.C. § 1920); *but see, e.g.,* *Padula v. Morris*, No.

2:05-cv-00411-MCE-EFB, 2012 WL 525575, **at 3 (E.D. Cal. Feb. 16, 2012) (awarding

PACER fees as costs).

Section 1920(4) states that courts may tax "the costs of making copies of any materials

where the copies are necessarily obtained for use in the case."  28 U.S.C. § 1920(4).  Here,

Plaintiffs paid forty cents to obtain a copy of a document filed in this case — specifically, the

Estate's Answer.  *See* Mot. Ex. C, at 15.  Given that § 1920 allows the "costs of making copies,"

the plain text of § 1920 suggests a party should be able to recover the "costs of making copies"

via PACER of documents filed in the case.  *See* 28 U.S.C. § 1920.  This is distinguishable from

cases where parties use PACER to conduct research — e.g. to research this Court's previous

opinions or to research how a Louisiana district court proceeded after the Fifth Circuit reversed

and remanded.  Section 1920 may very well not provide for the recovery of the cost of

conducting research on PACER.  *See JGT*, 2011 WL 1323410, at *8 ("[C]ourts have refused to

tax as costs electronic legal research including PACER charges.").  But simply obtaining a copy

of a document filed in the case fits comfortably into § 1920(4) "copies" language.  *See* 28 U.S.C.

9

§ 1920(4).

Qualifying as a copy is not the only requirement of 28 U.S.C. § 1920(4).  Section 1920(4)
requires that the copies must be "necessarily obtained for use in the case."  28 U.S.C. § 1920(4).
Accordingly, Fifth Circuit law directs courts to make an express factual finding that the copies
were necessary to the case.  *See* 28 U.S.C. § 1920; *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64
(5th Cir. 1994).  For a court to make that finding, a party's statement under penalty of perjury
that the costs were necessarily incurred is generally sufficient proof.  *See United Teacher Assoc.
Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 574-75 (5th Cir. 2005) (rejecting the
plaintiff's argument that the defendant failed to prove that photocopies were necessarily obtained
for use in the case where the defendant's counsel declared under penalty of perjury that the costs
of the photocopies were necessarily incurred).

Here, Plaintiffs' counsel declared under penalty of perjury that its requested costs were
"necessarily incurred in the case."  Mot. Ex. B, at 7.  Defendant LNAH does not appear to object
on this point, as it did not present any argument that the copy of the Estate's Answer was
unnecessary to the case.  Accordingly, the Court finds that the copy of the Estate's Answer was
necessary to the case.  *See United Teacher Assoc. Ins. Co.*, 414 F.3d at 574-75.  Therefore, the
Court holds that Plaintiffs are entitled to the cost of obtaining a copy of the Estate's Answer from
PACER under 28 U.S.C. § 1920 in the amount of $0.40.

### d.  Outside attorney's fees and travel expenses

Plaintiffs also seek costs for hiring Calvo Y Asociados, S.C., an outside law firm, to
review deposition transcripts and travel to El Paso to execute the deposition transcript before a
notary public.  *See* Mot. Ex. C, at 28.  Defendant LNAH again argues generally that these costs

10

are not recoverable under 28 U.S.C. § 1920.  *See* Def.'s Objection ¶¶ 4, 7.  Defendant LNAH

also notes that Plaintiffs appear to have incurred this cost in a separate case.  Def.'s Objection ¶

5.  The Court agrees with Defendant that an outside attorney's fees and travel expenses are not

recoverable.

   Again, courts cannot award costs that 28 U.S.C. § 1920 does not list.  *See Crawford,* 482

U.S. at 441-42; *Coats*, 5 F.3d at 891.  Section 1920 does not list attorney's fees.  *See* 28 U.S.C. §

1920*.*  In fact, Rule 54(d) explicitly excludes attorney's fees.  *See* Fed. R. Civ. P. 54(d)(1)

("[C]osts — other than attorney's fees — should be allowed to the prevailing party.").  Also, as

stated above, 28 U.S.C. § 1920 does not allow parties to recover travel expenses.  *See* 28 U.S.C.

§ 1920*;Coats*, 5 F.3d at 891.  Thus, regardless of whether Plaintiffs incurred these costs in this

case or in a separate case, Plaintiffs cannot recover them.  Accordingly, the Court holds that

Plaintiffs cannot recover costs for work performed by Calvo Y Asociados, S.C.

   **3.**   **Document translation expenses**

   Plaintiffs argue that document translation costs are taxable under 28 U.S.C. § 1920(6).

*See* Mot. Ex. A, at 5, Ex. C, at 31.  Defendant LNAH agrees that this item is "arguably taxable."

Def.'s Objection ¶ 7.  The Court disagrees with both Plaintiffs and Defendant.

   In their Motion, Plaintiffs justify the cost of obtaining an English-Spanish translation of

articles as taxable under 28 U.S.C. § 1920(6).  *See* Mot. Ex. A.  In a recent case, however, the

Supreme Court of the United States held that "compensation of interpreters" under 28 U.S.C. §

1920(6) does not include the cost of document translation.  *Taniguchi v. Kan Pac. Saipan, Ltd.*,

--- U.S. ----, 132 S. Ct. 1997, 2000 (2012).  As articles are documents, Plaintiffs are requesting

the exact cost that the Supreme Court recently deemed unrecoverable under 28 U.S.C. § 1920(6).

*See* Mot. Ex. C, at 31; *Taniguchi*, 132 S. Ct. at 2000.[3]  Thus, the Court holds that Plaintiffs

cannot recover the cost of document translations.

### 4.    Deposition transcript expenses

Lastly, Plaintiffs argue that they should be awarded costs for deposition transcripts.  Mot.

Ex. C, at 27.  Defendant LNAH agrees that Plaintiffs' deposition transcript costs are "arguably

taxable."  *See* Def.'s Objection ¶ 7.  The Court agrees with both Plaintiffs and Defendant.

Section 1920(2) authorizes courts to award to the prevailing party deposition transcript

costs when the transcripts were "necessarily obtained for use in the case."  28 U.S.C. § 1920(2);

s*ee Fogleman v. Arabian Am. Oil Co.*, 920 F.2d 278, 285 (5th Cir. 1991).[4]  Additionally, as

stated above, 28 U.S.C. § 1920(4) authorizes courts to tax "the costs of making copies of any

materials where the copies are necessarily obtained for use in the case."  28 U.S.C. § 1920(4).

Fifth Circuit law thus directs courts to make an express factual finding that the deposition

transcripts and any copies of such transcripts were necessary to the case.  *See Holmes*, 11 F.3d at

64.  Again, a party's statement under penalty of perjury that the costs were necessarily incurred is

generally sufficient proof for a court to make that finding.  *See United Teacher Assoc. Ins. Co. v.*

*Union Labor Life Ins. Co.*, 414 F.3d at 574-75.

Here, Plaintiffs' counsel declared under penalty of perjury that the deposition costs were

---

[3]     Plaintiffs also reference 28 U.S.C. § 1828 as a basis for recovering the cost of document translations.  Mot. Ex. A, at 5.  Plaintiffs reference this statute, though, in the context of quoting language from 28 U.S.C. § 1920(6).  *See* Mot. Ex. A, at 5.  Because 28 U.S.C. § 1920(6) is the operative statute, the Supreme Court's decision in *Taniguchi* precludes recovery for the cost of document translations in this case.  *See* 28 U.S.C. § 1920(6); *Taniguchi*, 132 S. Ct. at 2000.

[4]     Although Congress amended the language of 28 U.S.C. § 1920(2) in 2008, *see* Pub. L. 110-406, sec. 6, § 2, 122 Stat. 4292 (2008), courts have continued to cite *Fogleman* and award costs for depositions.  *See, e.g.*, *Marmillion v. Am. Intern. Ins. Co.*, 381 F. App'x 421, 429 (5th Cir. 2010).

"necessarily incurred in the case." Mot. Ex. B, at 7. Again, Defendant LNAH does not even appear to object on this point, as it did not present any argument that the deposition transcripts were unnecessary to the case. Accordingly, the Court finds that the deposition transcripts were necessary to the case. *See United Teacher Assoc. Ins. Co.*, 414 F.3d at 574-75. Therefore, the Court holds that Plaintiffs are entitled to costs for deposition transcripts and copies under 28 U.S.C. § 1920 in the amount of $439.02.[5]

### III.   CONCLUSION

In summary, the Court awards Plaintiffs $439.02 for deposition transcript costs and $0.40 for copies obtained from PACER. The sum of these equals $439.42. Therefore, the Court **GRANTS** in part Plaintiffs' Motion to Enter Bill of Costs, ECF No. 54, and **AWARDS** Plaintiffs $439.42 U.S. dollars in costs for deposition transcripts and copies. The Court **DENIES** Plaintiffs' requests for travel expenses and expenses paid to retain a private mediator, ship documents, make conference calls, hire an expert, pay electronic filing service fees, and translate documents.

**SO ORDERED**.

**SIGNED** on this 22nd day of June, 2012.

_Kathleen Cardone_

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

---

[5]   Plaintiffs indicate that the cost of deposition transcripts was $487.80. Mot. Ex. A. However, the invoice from Associated Court Reporters indicates that Plaintiffs received a discount from this total in the amount of $48.78. Mot. Ex. C, at 27. $487.80 minus the $48.78 discount equals a total of $439.02. Thus, the record indicates that the total paid by Plaintiffs for deposition transcripts was $439.02. Mot. Ex. C, at 27.